Sahrad KERKOCHIAN, Jr., doing business as United Carpet Shop, Appellant,

v.

B. E. SHIELDS, Trustee of the Estate of Ronald R. Reichert, Appellee.

No. 21591.

United States Court of Appeals Ninth Circuit.

April 29, 1968.

Vergil L. Gerard (argued), Fresno, Cal., for appellant.

Thomas R. Davis (argued), S. B. Gill, of Gill & Bowles, Bakersfield, Cal., for appellee.

Before HAMLEY and ELY, Circuit Judges, and CRARY, District Judge.

PER CURIAM:

The underlying action involves the involuntary bankruptcy of Ronald O. Reichert, so adjudged July 24, 1964. The appellant filed a claim against the bankrupt estate on February 19, 1965, asserting to be both an "unsecured and secured creditor." Copy of the mechanic's lien claim was attached to the claim in bankruptcy.

The appellee Trustee filed objections to the claim, and on February 17, 1966, Referee Franson issued an order disallowing the claim as secured and allowing it as an unsecured claim. On March 3, 1966, the appellee filed a motion to set aside the disallowance of the claim as a secured claim. By order dated March 15, 1966, Referee Franson again disallowed the appellant's claim as secured and reaffirmed his order allowing same as an unsecured claim.

On or about April 15, 1966, Referee Franson issued an order restraining appellant's prosecution of an action against the Trustee in the Superior Court, Kern County, California, seeking imposition of a constructive trust or equitable lien on the interest of the bankrupt and others in the proceeds of a certain promissory note. Thereafter, and on the same day, Referee Franson voluntarily disqualified himself as Referee by reason of having been co-counsel with appellant's present counsel on the examination of Mr. Reichert at a hearing under Section 21(a) of the Bankruptcy Act in July, 1964, just prior to Reichert's ajudication as a bankrupt.

The Superior Court action, referred to above, had been filed in December, 1965. The complaint was amended about January 10, 1966, and was served on the appellee Trustee on March 15, 1966. The

case was dismissed as to the Trustee on June 23, 1966.

On April 15, 1966, Referee Franson had also noticed the hearing of the Trustee's petition to stay the Superior Court action before United States District Judge Crocker, sitting in bankruptcy.

On May 2, 1966, Judge Crocker heard the petition of the Trustee to stay the Superior Court action and a petition of appellant for permission to sue the Trustee in the State court.

On June 14, 1966, the appellant filed a motion to set aside the Referee's order of March 15, 1966, supra, and on June 21st counsel for appellant forwarded a letter to Judge Crocker requesting further oral argument on the matter. The Court answered that letter by stating he would be pleased to hear any matter that counsel may wish to bring on for hearing, including further oral argument.

All matters then pending before the Court, including the motion to set aside the March 15, 1966 order, were orally argued before Judge Crocker on September 12, 1966, and on October 11, 1966, the District Court made its order denying: (1) Appellant's petition to sue the Trustee in the State court, (2) Motion to set aside and for reconsideration of the March 15, 1966 order of the Referee, supra, (3) Petition for extension of time for review, and (4) Petition for reclamation. The Findings of Fact and Conclusions of Law and Judgment of the District Court were entered October 27, 1966.

The appellant urges that he is entitled to a hearing on the merits of his cause of action to establish an equitable lien or constructive trust, as sought in his State Superior Court action, referred to above, and that the ruling of the District Court, that the Referee's order of March 15, 1966, did finally and conclusively establish the rights of the appellant as an unsecured creditor only, was in error.

We do not find merit in the appellant's contentions. This Court has considered all of the grounds urged by appellant for the relief sought, as set forth in his briefs and as amplified by the oral argument of counsel, and we conclude that the facts and circumstances involved do not, under the applicable law, evidence that an injustice resulted to the appellant under the rulings of the Referee or the Judgment of the United States District Judge. The Court further concludes that the Findings of Fact and Conclusions of Law of the District Court are supported by the record and the law, and the Judgment of the District Court is affirmed.